STATE *v.* EDGAR H. BELL.

(*April* 28, 1937.)

LAYTON, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*P. Warren Green,* Attorney-General, and *William J. Storey,* Deputy Attorney-General, for the State.

*Arley B. Magee, Jr.,* for the defendant.

Court of Oyer and Terminer for Kent County, Indictment for Manslaughter, No. 19, April Term, 1937.

LAYTON, C. J., "There is no evidence so far that suggests other than the parties voluntarily fought, and nothing to form a basis for the defense of selfdefense. The objection is sustained."

LAYTON, C. J., charged the jury, in part, as follows:

■ The defendant is charged in the indictment before you with the crime of manslaughter, which is the unlawful killing of one person by another without malice. Malice is a condition of the heart or mind existing at the time of the commission of an act. It is somewhat difficult to define, but

may be regarded as wickedness of spirit. This condition of heart or mind enters into and pervades the act. As applied to the crime of murder, malice is said to be express or actual where the facts and circumstances disclose a formed design and purpose to kill. It is said to be implied or constructive, where no formed design or purpose to kill is shown, but yet where the killing is without justification or excuse, and with a cruel and wicked indifference to human life. Murder of the first degree is where one kills another with express malice aforethought. Murder of the second degree is where the killing is with implied malice. You are not concerned with the crime of murder of either degree, and consequently are not concerned with the question of malice, for the State has not charged, nor does it contend, that the defendant killed Ritter in circumstances amounting to murder of either degree.

All unlawful killings which do not amount to murder either of the first or second degree are manslaughters. Where, for example, one in a sudden fight, in the heat of blood or gust of passion aroused by adequate provocation, without time for reflection or for the passions to cool, kills another, it is manslaughter. The frenzy of mind thus aroused precludes the idea of malice. Manslaughter may also occur where one, in doing an unlawful act, not in itself felonious nor tending to do great bodily harm, undesignedly kills another. In such case there is no malice for the reason that the circumstances do not disclose that wicked condition of heart or mind which is characteristic of malice. In either case the law regards the killing as unlawful, and therefore, punishable, but not as a malicious killing as is murder. In either case the law makes allowance for human frailty and infirmity.

The uncontradicted evidence on the part of the State and the defendant's own testimony disclose a case of mutual combat, by which is meant a fight into which both parties

enter willingly. The term comprehends a mutual intent to fight. Mutual blows are not necessarily required.

■ Where persons fight on fair terms and merely with fists, the blows interchanged not being likely to cause death, and life, consequently, not ordinarily being at hazard, the survivor is guilty of manslaughter if his blows cause the death of his opponent, even though he did not intend to kill. This is so for the reason that all physical conflicts and encounters when induced by the passions of the parties and accompanied with an intent to do bodily injury, are unlawful. Fighting with fists, even on fair terms, is an unlawful act. It is not a felonious act, nor, ordinarily, does such fighting tend to do great bodily harm; but, being unlawful, if the death of one ensues from a blow, it is manslaughter under the very definition of the term, even though the taking of life was not intended and was entirely unexpected.

■ Where persons engage in a mutual combat it is not material who gives the first blow. And, one who willingly enters into a combat and fights willingly, not for his own protection, but to gratify his passion by inflicting injury upon his opponent, may not invoke in his behalf the doctrine of selfdefense. Selfdefense is founded on the law of nature. It is based upon necessity, real or apparent. It must appear that the killer acted from necessity, or reasonably apparent necessity, to save himself from death or great bodily harm, and that he had retreated as far as he could with safety to himself. Under the evidence in this case the issue of selfdefense is not for your consideration. *Wharton Homicide*, 288, 290, 538; 13 *R. C. L.* 851; *State v. Doherty*, 72 *Vt.* 381, 48 *A.* 658, 82 *Am. St. Rep.* 951.

The words, "reasonable doubt," mean precisely what they seem to mean, a doubt based upon reason, a doubt having something substantial to rest upon. There is nothing

in the words that may not be understood by the average intelligent mind. The mental operations of sane persons are governed by the same rules, whether they are in the jury box or out of it. The words mean the same thing in the Court room as outside. There is nothing mysterious about them at all, and jurors ought to be convinced as jurors by the same evidence that would convince them as men, and upon which they would act in the management of their own important affairs and concerns.

A reasonable doubt is one founded in sincerity and common sense. It is not a possible, or vague or speculative doubt, or a groundless surmise or suspicion, but it is a substantial doubt, such as honest, sensible and fair minded men, after a careful consideration of all the evidence, might with reason entertain consistently with a conscientious desire to ascertain the truth.