**William M. HALLOWELL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Nov. 9, 1972.

Angelo Falasca, Asst. Public Defender, Wilmington, for defendant below, appellant.

Myron T. Steele, Deputy Atty. Gen., Dover, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The appellant, William Hallowell, was indicted, tried and found guilty in Superior Court for murder in the second degree, and has appealed. In charging the jury, the trial Judge stated that there were four possible verdicts: (1) guilty of second-degree murder; (2) guilty of voluntary manslaughter; (3) guilty of assault; and (4) not guilty. He denied a prayer to include the possibility of a verdict of guilty to involuntary manslaughter.

The sole question raised before us is whether the Court below erred in refusing to charge on involuntary manslaughter. A brief statement of the evidence demonstrates that the ruling below was correct.

The appellant and his wife resided in a trailer park. The wife's daughter, Carol, resided with her husband in another trailer very close to, and directly in front of, that of the appellant. In the evening of October 3, 1971, the appellant and his wife came home. The wife refused his request to fix him something to eat. He struck her, whereupon she fled crying to her daughter's trailer. The victim, Ron Charist, who was Mrs. Hallowell's former husband and the father of Carol, was in that trailer with Carol and her husband. The appellant walked in the door, swearing profusely. Carol asked him to leave, but he paid no attention. He was trying to get his wife to go home. The victim walked over to him, told him to leave, and "helped" him out of the door, saying something to the effect that "any man who strikes a woman is no man." A few blows were exchanged. The appellant went back to his own trailer, got an 8-inch kitchen knife, and started to return to Carol's trailer. Before leaving his own, however, he laid the knife on a shelf by the door. When he was close to the other trailer, he saw Charist coming toward him. Appellant returned to his own door, reached through it and picked up the knife. He then said, "All right, Ron, you called the shots. Now come on." By this time, the two were close to one another. Upon seeing the knife, the victim kicked at the appellant, but did not strike him. The appellant "swiped" at Charist with the knife, and apparently Charist at the same instant moved a little forward. The knife entered his side and caused his death sometime later.

The appellant testified that he got the knife to scare Charist into leaving him alone so that he could get his wife to come

home, and that he had no intent to kill Charist.

 The appellant argues that the verdict might well have been that of guilty of manslaughter if the charge had included instructions on involuntary manslaughter. He argues that "the killing of another without malice while engaged in the doing of an unlawful act constitutes involuntary manslaughter." In some cases, our Courts have used that language; but in our opinion, it is an incomplete statement which omits an important exception. The correct language is that "the killing of another without malice while engaged in the doing of an unlawful act, *not in itself felonious or tending to do great bodily harm,* undesignedly kills another." State v. Bell, Ct. of O. & T., 8 W.W.Harr. 328, 192 A. 553 (1937); State v. Hupf, Del.Supr., 9 Terry 254, 101 A.2d 355 (1953). The opinions which have overlooked the important italicized words appear to be instances where the facts were such as to make the omission immaterial. When the act is one which "tends to do great bodily harm," malice is rebuttably presumed; if not rebutted to the jury's satisfaction, the killing is second-degree murder. Brinkley v. State, Del.Supr., 233 A.2d 56 (1967). Under the circumstances here, the act clearly was one which tended to do great bodily harm.

The holding in State v. Donovan, Ct. of O. & T., 1 Terry 257, 8 A.2d 876 (1939), at first glance may seem inconsistent with our present ruling. There, the defendant, sitting in a car with the victim, fired a pistol in his direction, intending to scare him, but not to hurt him. The Court stated, in its charge to the jury, that such an act was within the definition of involuntary manslaughter. It must be remembered, however, that Donovan was being tried for manslaughter only, not murder. No doubt the Court would have used other language if the charge had been murder.

We agree with the trial Judge that the evidence did not justify a finding of involuntary manslaughter. There was accordingly no error in refusing to submit that matter to the jury. State v. Carey, Ct. of O. & T., 6 W.W.Harr. 521, 178 A. 877 (1935).

The judgment below is affirmed.